UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF MARINE EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO: 05-6684 |
| C & G BOAT WORKS, INC. | SECTION: "K"(2) |

## ORDER AND REASONS

Before the Court is the Motion to Vacate Judgment (Rec.Doc.No. 63) filed by Plaintiff Gulf Marine Equipment, Inc. ("Gulf Marine"), wherein Plaintiff asks the Court to vacate its ruling issued on January 23, 2007, granting Defendant's Motion for Summary Judgment (Rec.Doc.No. 22).[1] After reviewing the pleadings, memoranda, and relevant law, the Court denies Plaintiff's motion for the reasons assigned below.

---

[1] *See* Order and Reasons (Rec.Doc.No. 49) (herein "Order")

1

## I. BACKGROUND

Plaintiff filed the instant lawsuit seeking remuneration for his efforts in procuring certain shipbuilding contracts for Defendant C&G. Plaintiff contends that he is owed remuneration because on August 12, 2002, Gulf Marine and Defendant C&G entered into a contract whereby Gulf Marine, as broker, would receive a percentage of each contract of new construction it procured for C&G, including those involving Rigdon Marine. Defendant filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims contending that the brokerage contract had been terminated and/or Plaintiff was not the procuring cause of certain construction contracts obtained by C&G from Rigdon Marine.[2]

The Court found that on August 12, 2003, C&G terminated the brokerage agreement and that no contracts had been secured by the brokerage contract.[3] Moreover, the Court found that Plaintiff did not show that Gulf Marine was the procuring cause for certain shipbuilding contracts that were consummated between C&G and Rigdon Marine beginning in November 2004.[4] Thus, the Court granted Defendant's motion for summary judgment.

A threshold matter the Court must address before delving into the merits of the instant motion is whether the Court is divested of subject matter jurisdiction over the proceeding by virtue of Plaintiff's filing of a Notice of Appeal (Rec.Doc.No. 56). Generally, "the filing of a notice of appeal divests the district court of jurisdiction to grant a Rule 60(b) motion." *Shephard*

---

[2]  *Id.*

[3]  Order at 5.

[4]  *Id.* at 8

*v. Int'l Paper*, 372 F.3d 326, 328 (5th Cir. 2004). However, the Fifth Circuit does recognize

> the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal. When the district court is inclined to grant the 60(b) motion, however, then it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.

*Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994); *Harper Macleod Solicitors v. Keaty &* Keaty, 2000 WL 973659, at *1 (E.D. La. Jul. 13, 2000)(Vance, J.); *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2873 (3d ed. 2007). Because the Court denies Plaintiff's motion herein, it need not obtain leave of the court of appeals to rule on the instant motion.

Plaintiff brings this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party....

Fed. R. Civ. P. 60(b).[5]

Plaintiff specifically invokes Rule 60(b)(3) arguing that the Court incorrectly relied upon deposition testimony of Larry Rigdon, owner of Rigdon Marine, who misrepresented that he had

---

[5] Rule 60 also provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment , order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Plaintiff's instant motion has been submitted timely.

no contact with Mr. Perez since 2003. The Court highlighted this testimony as evidence that Plaintiff did not act as the procuring cause of the November 2004 C&G - Rigdon Marine contracts.

"Rule 60(b)(3) provides a basis for relief from judgment where the movant presents clear and convincing evidence of fraud..., misrepresentation, or other misconduct of an adverse party." *MGM Well Servs., Inc. v. Mega Lift Systems, LLC*, 2007 861098 (S.D. Tex. Mar. 19, 2007) (quotations omitted). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

Plaintiff offers two exhibits suggesting that Larry Rigdon misrepresented the fact that he had not communicated with Mr. Perez after 2003.[6] The exhibits are both Mr.ies of email exchanges between Larry Rigdon and Mr. Perez date February 2004 and August 2005 respectively. The first indicates that Mr. Rigdon is having difficulty sending emails because his computer may have a virus,[7] and the second is an invitation from Mr. Perez to Mr. Ridgon to dove hunt in Texas.[8]

These emails do not alter the Court's finding that

---

[6] Plaintiff also offers a letter written by Janson Graham of C&G instructing Mr. Perez to discontinue communicating with Tidewater Marine Company on behalf of C&G. *See* Mot. Vacate, Ex. C (Rec.Doc.No. 63). The Court finds that this letter is not relevant to whether C&G terminated the August 2002 brokerage contract or whether Plaintiff was the procuring cause of the November 2004 C&G - Rigdon Marine construction contracts.

[7] *See* Mot. Vacate, Ex. A.

[8] *Id.*, Ex. B.

> Gulf Marine offer[ed] no evidence suggesting Mr. Perez did anything to facilitate the C&G - Rigdon Marine contracts that were entered into in November 2004. Rather, Plaintiff offers only evidence of a relationship between Mr. Perez and the contracting parties, which is attenuated at best from the construction contracts at issue.[9]

Thus, the Court finds that Plaintiff has not met its burden of showing by clear and convincing evidence that Larry Rigdon's alleged misrepresentations prevented Plaintiff from fully and fairly presenting its case. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Vacate Judgment (Rec.Doc.No. 63) is hereby **DENIED**.

New Orleans, Louisiana, on this __13th__ day of August, 2007.

                                                                     STANWOOD R. DUVAL, JR.
                                                           UNITED STATES DISTRICT COURT JUDGE

---

[9] Order at 7.